REID, Judge.
This action was instituted by Otha G. Schofield for damages to his automobile arising out of an accident which occurred in the City of Hammond, Louisiana, on November 10, 1961. Plaintiff’s petition alleges that on said date Robert Schwendi-mann, minor son of defendant John R. Schwendimann, was driving plaintiff’s 1958 Chevrolet 4-door sedan in a northerly direction on North Pine Street in the City of Hammond, while at the same time defendant Sam Durbin was driving his 1961 Chevrolet automobile in a westerly direction on West Church Street, approaching said street’s intersection with North Pine Street, in which intersection the two vehicles collided. The City of Hammond was also named as a defendant and charged with negligently failing to maintain the signal light located at said intersection. By supplemental and amended petition plaintiff in-terpleaded the I-Iardware Mutual Casualty Insurance Company, alleged to be the public liability insurer of John Schwendimann. Exceptions of prescription were filed on behalf of the City of Hammond and John Schwendimann and were overruled. A motion for summary judgment was filed by *744 the defendant Hardware Mutual Casualty Insurance Company denying coverage because of a clause in the insurance policy issued by the said Hardware Mutual Casualty Insurance Company in favor of said John Schwendimann, containing the following limitation:
“This policy does not apply under Part 1, Liability, to the injury to or destruction of (1) property owned or transported by the insured, or (2) property rented to or in charge of the insured other than a residence or private garage.”
On June 21, 1965, for reasons orally assigned by the Trial Court, there was a judgment rendered maintaining defendant’s motion for summary judgment and dismissing plaintiff’s suit against the Hardware Mutual Casualty Insurance Company.
There is no evidence in the record whatsoever to enable this Court to determine the basis for the Trial Judge’s opinion. However, an examination of the briefs filed leads us to believe the Trial Judge’s opinion was based on the fact that in an earlier case, decided by the same Trial Judge, entitled Sam Durbin, et al. vs. Allstate Insurance Company, et al., No. 25,053 on the docket of the 21st Judicial District Court, the Trial Judge found that John Schwendimann, Jr.’s son was using the vehicle as a temporary substitute automobile with the plaintiff’s consent and that John Schwendimann, Jr.’s son was in charge of plaintiff’s automobile. The transcript of that earlier case was not introduced and filed in evidence, nor did the Trial Judge give any reasons for judgment in the present case. In fact there is no evidence or supporting affidavits filed in the record which would throw any light on this question. Nothing in the record shows whether the earlier case of Sam Durbin, et al. vs. Allstate Insurance Company was appealed, or compromised or whether a final judgment was rendered.
Article 966 of the Louisiana Code of Civil Procedure provides:
“ * * * The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.”
It is, therefore, clear from the record in this case that even had the defendant been entitled to a motion for summary judgment below, the case would have to be remanded for the purpose of filing affidavits, depositions or other types of evidence into the record which would enable this Court to review and pass upon the matter.
It would not appear that the previous holding of the Trial Judge in one case concerning a question of fact involving a plaintiff in a later case would be such an undisputed fact in the later case as to entitle a defendant in the later case to a summary judgment, especially where there is nothing in the record of the later case to show whether the earlier case had been compromised, appealed or finally determined.
For the above and foregoing reasons the judgment of the District Court is reversed and the case is remanded to the District Court for the reasons above set forth.
Remanded.